**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JULIE A. SU, Acting Secretary of Labor, )
United States Department of Labor, )
)
Plaintiff, ) Case No. 23–cv–12366–SKD–KGA
)
v. )
) Judge Susan K. DeClercq
CASCABEL VENTURES, L.L.C. d/b/a, )
ISALITA and MANI OSTERIA & BAR; ) Magistrate Judge Kimberley G. Altman
and ADAM BARU, an individual, )
)
Defendants. )
)

**CONSENT JUDGMENT AND ORDER**

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants Cascabel Ventures, L.L.C., d/b/a Isalita and Mani Osteria & Bar and Adam Baru, individually, (collectively "Defendants") have appeared by counsel, agree to the entry of this Consent Judgment and Order ("Consent Judgment") without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Acting Secretary and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at Cascabel Ventures, L.L.C., d/b/a Isalita and Mani Osteria & Bar, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive compensation for their

employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

2. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Cascabel Ventures, L.L.C., d/b/a Isalita and Mani Osteria & Bar, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

3. Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages in any of the following activities:

a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

4. No later than 15 days after execution of this Consent Judgment, Defendants shall post and maintain a copy of the Consent Judgment in each of their establishments, at locations where employee notices are customarily posted, and shall remain posted for a period of not less than 12 months.

5. No later than 15 days after execution of this Consent Judgment, Defendants shall distribute to each current employee a physical copy of the U.S. Department of Labor Wage and Hour Division's "Fact Sheet #23: Overtime Pay Requirements of the FLSA", attached as Exhibit B (English) and Exhibit C (Spanish).

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Acting Secretary and against Defendants in the total amount of $196,531.03, plus post-judgment interest as set forth in Exhibit A.

6. The Acting Secretary shall recover from Defendants the sum of $98,265.52, in unpaid overtime compensation covering the period from September 21, 2020, to July 3, 2022, for Defendants' current and former employees whose names are listed in the attached Exhibit A and the additional sum of $98,265.52 in liquidated damages.

a. At the time of Defendants' execution of this Consent Judgment, Defendants shall deliver payment in the amount of $196,531.03 by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".

b. Defendants shall also furnish to the Acting Secretary the full name, last-known address, last-known phone number, and social security number for each employee named in Exhibit A.

c. Upon receipt of full payment from Defendants, representatives of the Acting Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for

the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Acting Secretary.

d. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return of any sums paid under this Consent Judgment.

e. If an individual named on Exhibit A refuses any sums paid under this Consent Judgment by attempting to return them to Defendants or to anyone on Defendants' behalf, Defendants shall refuse to accept them and shall ensure that all such sums be immediately paid to the Acting Secretary for deposit as above. Defendants shall have no further obligations with respect to such monies.

f. Any monies not disbursed by the Department of Labor after three years from the date of payment by Employers, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

g. The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on

Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

7. By entering into this Consent Judgment, Plaintiff does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated: 14th day of June, 2024 .

**s/ Susan K. DeClercq**
United States District Judge

Entry of this judgment is hereby consented to:

**For Defendants:**

**Date** 5/7/2024

Cascabel Ventures, L.L.C. d/b/a Isalita and Mani Osteria & Bar

______________________________
Its Owner

______________________________
Adam Baru, Individually

Approved as to Form:

______________________________
Attorney for Defendants Adam Baru & Cascabel Ventures, L.L.C. d/b/a Isalita and Mani Osteria & Bar

**APPROVED:**

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

Sheila Naughton
**SHEILA NAUGHTON**
U.S. Department of Labor, Office of the Solicitor
230 South Dearborn Street, Suite 844
Chicago, IL 60604
(202) 693-5499
naughton.sheila.e@dol.gov

*Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*